OPINION
{¶ 1} Defendant-appellant Trumeyne Rogers appeals the May 19, 2004 Judgment Entry of the Richland County Court of Common Pleas overruling his motion to withdraw his guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On September 24, 2003, appellant was indicted on one count of aiding and abetting an attempted murder, one count of aiding and abetting robbery and three counts of misdemeanor assault arising from an incident outside Mr. P.'s bar on September 13, 2003. On March 22, 2004, pursuant to a plea agreement, appellant entered guilty pleas to the aiding and abetting robbery and aiding and abetting attempted murder counts. As a condition of his plea agreement, appellant was required to testify truthfully and consistently with his proffer and his statement to the Mansfield Police Department against his codefendants.
 {¶ 3} On May 6, 2004, prior to sentencing, appellant moved the trial court to withdraw his guilty pleas. Appellee filed a memorandum contra appellant's motion on May 13, 2004. The trial court conducted a hearing on the motion on May 14, 2004. On May 19, 2004, via Judgment Entry, the trial court overruled appellant's motion to withdraw his guilty pleas.
 {¶ 4} On June 3, 2004, pursuant to the plea agreement, the trial court imposed a four year prison sentence on the aiding and abetting attempted murder count, and two years on the aiding and abetting robbery count, with the sentences to be served concurrently.
 {¶ 5} Appellant now appeals the May 19, 2004 Judgment Entry denying his motion to withdraw his pleas and his subsequent sentence, assigning as error:
 {¶ 6} "I. The trial court abused its discretion in failing to permit Mr. Rogers to withdraw the pleas entered on march 22, 2004."
 I {¶ 7} Crim. R. 32.1 governs the withdrawal of a guilty plea. It provides:
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1 itself does not provide guidelines for a trial court to use in ruling on a presentence motion to withdraw a plea. While motions to withdraw guilty pleas made before sentencing should be freely and liberally granted, the decision of whether to grant those motions are still within the sound discretion of the trial court. State v. Xie (1991), 62 Ohio St.3d 521, 526. Thus, this Court will not reverse the decision of the trial court absent an abuse of discretion. Id. at 527. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 9} Upon filing his motion to withdraw his plea, appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea.
 {¶ 10} Appellant maintains, prior to entering into the plea agreement, the Richland County Prosecutor informed him there were witnesses willing to testify they saw appellant remove a wallet from the robbery victim's pocket. In addition, there were a number of witnesses willing to testify they saw appellant on the same side of the street attacking the attempted murder victim. Further, appellant maintains the trial court told him his own statements were sufficient to demonstrate guilt.
 {¶ 11} As a result, appellant argues the trial court mislead him as to his own statements being admissible at trial as evidence against him. He further maintains he materially relied upon the prosecutor's statements regarding witnesses, which was erroneous. Appellant asserts a co-defendant was later acquitted of all charges based upon the same evidence the trial court concluded would have been introduced as evidence against him. Appellant notes the witnesses had been drinking all night, and a jury did not find the same testimony credible when introduced at trial against the co-defendant. He asserts not one witness testified regarding his involvement in taking the wallet or being involved in the robbery at the trials of his co-defendants.
 {¶ 12} As a result of the above, appellant asserts his guilty pleas were based upon misinformation; therefore, not voluntary, knowing or intelligent.
 {¶ 13} Prior to accepting appellant's plea, the trial court conducted a full Crim. R. 11 hearing on March 22, 2004, to evaluate whether appellant's pleas were knowing, voluntary and intelligent. The rule states:
 {¶ 14} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 15} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 16} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 17} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 18} At the March 22, 2004 hearing, the following exchange took place:
 {¶ 19} "THE COURT: Mr. Rogers, I think you maybe were sitting here as I was doing some pleas earlier, but before I can take a plea from you, I need to be sure you understand your rights to a trial, and also the penalties to the crimes you are charged with.
 {¶ 20} "In this case there is also an agreed sentence, which I will lay on the record here before you.
 {¶ 21} "I am giving you that information to be sure that you understand it, so that you are making a knowing decision about whether you want to plead guilty to these offenses here. And I will give it to you first by telling it to you, and then second by giving it to you in writing.
 {¶ 22} "If you have questions about any of those things, you be sure and ask so we can clear them up for you.
 {¶ 23} * * *
 {¶ 24} "THE COURT: At that trial the burden of proof is on the prosecutor. The prosecutor must prove you guilty, you don't have to prove yourself innocent. The prosecutor must be able to prove you guilty beyond a reasonable doubt for you to be convicted. Do you understand that at a trial the prosecutor has to prove you guilty, you don't have to prove yourself innocent?
 {¶ 25} "THE DEFENDANT: Yes, sir.
 {¶ 26} "THE COURT: At that trial you get to confront the witnesses who testify against you. What I mean by that is that the prosecutor's witnesses, when they are called here to the stand to testify, have to do that while you are sitting right here in the courtroom in front of them. Then you get a chance to help your attorney think of questions to ask them on cross-examination. You know hard questions, you can help your attorney get those questions asked of them. Do you understand you can do that if you have a trial?
 {¶ 27} "THE DEFENDANT: Yes, sir.
 {¶ 28} * * *
 {¶ 29} "THE COURT: Mr. Rogers, you have heard us lay out what the charges are, what the sentence will be. Has anybody promised you anything you haven't heard me just promise you here in the courtroom again to get you to plead guilty?
 {¶ 30} "THE DEFENDANT: No, sir.
 {¶ 31} "THE COURT: Has anyone threatened you to get you to plead guilty?
 {¶ 32} "THE DEFENDANT: No.
 {¶ 33} "THE COURT: I have this written summary of your rights. I guess you've had a chance to read over this, right? I see your signature on it.
 {¶ 34} "THE DEFENDANT: Yes.
 {¶ 35} "THE COURT: Did you have any questions about anything on there?
 {¶ 36} "THE DEFENDANT: No, sir.
 {¶ 37} "THE COURT: Is there anything else at all you would like me to explain to you?
 {¶ 38} "THE DEFENDANT: No, sir.
 {¶ 39} "THE COURT: How do you plead to these two charges of aiding and abetting attempted murder and aiding and abetting robbery?
 {¶ 40} "THE DEFENDANT: Guilty.
 {¶ 41} "THE COURT: I accept those pleas. I find them knowingly and voluntarily made."
 {¶ 42} Tr. at 2-5, 13-14.
 {¶ 43} At the May 14, 2004 hearing on the motion to withdraw the guilty pleas, the trial court stated:
 {¶ 44} "THE COURT: All right. To summarize the issues before us, as I understand at this time, I understand Mr. Farmer to be saying that he is not contending that Mr. Rodgers' plea was coerced. He is not saying it was involuntarily in that sense. He was saying it was not a knowing plea in that some of the statements made by witnesses in their statements, and for purposes of this hearing I am assuming that Mr. Mayer — without finding that it did, in fact, happen — I'm assuming, because I think it's not a key issue in this case, I am assuming that Mr. Mayer did, in fact, tell Mr. Rodgers about those statements in the presence of his attorney. I know for sure that the prosecutor has an open discovery policy, and that those statements would have been provided to all three of the defendants' attorneys in this case, and I know that Mr. Rodgers, as I would expect, had a high interest in reading those witness statements, and did probably read these very statements.
 {¶ 45} "I know that he had an investigator hired by one of his attorneys, who he also discussed the case with. We know that that investigator found that there were witnesses who put him on the side of the street of the beating, just as some of the statements that Mr. Mayer's police officers had taken.
 {¶ 46} "We're then at the issue, to the point, though — we also know it's true that Christopher Williams, who said that he thought Trumeyne took the wallet, did not make that same statement at trial.
 {¶ 47} "So what we don't have here, and which I am pleased to see, that the defendant is not making an allegation that the prosecutor lied or misrepresented the evidence. In fact, he concedes that there were witness statements which confirmed that evidence. The contention is simply that when a witness takes the stand and testifies differently then the statement, differently than the statement they had given to the prosecutor that was shown to the defendant, that that makes the plea not knowing.
 {¶ 48} "I have reviewed the plea agreement, and as I believe the defendant has conceded, he was fully advised of his rights.
 {¶ 49} "In regard to his liability based on the evidence, the proffer demonstrates if those facts were true that he was guilty of aiding and abetting robbery, in fact, he did testify substantially consistent with that at the trial. Those facts include that he knew Ivory Perdue had stated once they got down to the bar, after they talked about hitting a lick, he knew Ivory Perdue stated he would rob the first person who came out of the bar. The first person who came out was too big. He kidded Ivory about not attacking that guy.
 {¶ 50} "The next guy out of the bar was more his size, it was Craig Smith. He knew that Ivory attacked him with the intent to rob him. When Craig fell to the ground he tackled Ivory, is the way he basically described it, he ran over to help Ivory extricate himself from the robbery victim by kicking the robbery victim.
 {¶ 51} "So there is no question under those facts, if those facts were true, and that is the way he testified at trial, that he could be found guilty of aiding and abetting the robbery, in which the wallet was taken.
 {¶ 52} "In terms of the aiding and abetting attempted murder, we did have a witness who testified at trial, as he said in his statement, that he saw Mr. Rodgers running back and forth across the street and kicking Mr. Yankovich.
 {¶ 53} "The testimony or the evidence which did happen at trial was sufficient to convict him of these crimes. I do not think that it in any way depended on that particular piece of evidence. But whether or not it did, it's my clear impression that the prosecutor is not a guarantor of the testimony. That when he provides discovery to the defendant he does not guarantee that that evidence will be exactly the same at trial, or a plea would be not knowing.
 {¶ 54} "I think there are all sorts of reasons why a witness might change his testimony at trial. Friends of the defendant may get to that witness and cause him to change his testimony. He may be intimidated. He may have been lying to the police to get out of their office in the first place. There are all sorts of reasons why testimony might change, and the prosecutor does not become a guarantor to every statement made to the police.
 {¶ 55} "For that reason, I find that the plea was knowing, voluntary, and there is no basis to permit the withdraw of the plea. I'm overruling the motion to withdraw." Tr. at 100-104.
 {¶ 56} Upon review of the above, the trial court did not abuse its discretion in finding appellant entered his pleas of guilty to aiding and abetting attempted murder and aiding and abetting robbery knowingly, voluntarily and intelligently.
 {¶ 57} The May 19, 2004 Judgment Entry of the Richland County Court of Common Pleas denying appellant's motion to withdraw his pleas is affirmed.
Hoffman, J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 19, 2004 Judgment Entry of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.